UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | CV 04-7360 AHM  BK No. LA 01-28160-BB; AD 03-02712-BB |
| Date | October 7, 2004 |
| Title | In re: Synadyne III, Inc.; Outsource International Inc. |

Present: The Honorable A. HOWARD MATZ, U.S. DISTRICT JUDGE

| Stephen Montes | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**       (IN CHAMBERS)

In an adversary proceeding pending before the Bankruptcy Court, American Staffing Association ("Defendant" or "ASA") has been sued by Peter C. Anderson, acting in his capacity as Trustee for Debtors Synadyne III, Inc. and related entities. After lengthy and extensive proceedings before Bankruptcy Judge Sheri Bluebond, Defendant moved to withdraw reference of that adversary proceeding from Bankruptcy Court. Defendant claims there is cause for withdrawal. Defendant is wrong. The Court DENIES the motion, for the reasons stated below.*

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

A.    Applicable Legal Principles

28 U.S.C. § 157(d) provides that a District Court
> may withdraw, in whole or in part, any case or proceeding referred [to a bankruptcy judge in the district], on its own motion or on timely motion of any party, for cause shown.

28 U.S.C. § 157(d). "Only compelling cause warrants withdrawal of . . . [a] reference to bankruptcy court under the non-mandatory withdrawal provision." *In re Washington Mfg. Co.*, 133 B.R. 113, 114 (M.D. Tenn. 1991). The District Court has broad discretion to grant or deny the motion. *In re Millennium Studios, Inc.*, 286 B.R. 300, 303 (D.MD. 2002) (citing *In re C-TC 9th Avenue Partnership*, 177 B.R. 760, 765 (N.D.N.Y 1996)).

---

* No hearing is necessary. L.R. 7-15; Fed. R. Civ. P. 78.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 04-7360 AHM | Date | October 7, 2004 |

Title    In re: Synadyne III, Inc.; Outsource International Inc.

---

As Defendant acknowledges, in determining whether there is cause for withdrawal, the District Court may consider five factors: "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms v. International Brotherhood of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Orion Pictures Corp.*, 4 F.3d. 1095, 1101 (2nd Cir. 1993)). Although Defendant purports to address all of those factors (*see* Reply, pp. 6-7), its arguments as to the first four are so patently baseless that they do not even warrant analysis. What this Court *will* address is the "related factor" that Defendant really pushes, which Defendant describes in its Notice of Motion as follows:

> This Motion is supported by . . . the attached Declaration[s] of [ASA's General Counsel] and . . . ASA's counsel Kathleen P. March - - who is a former CD CA Bankruptcy Judge - - with Exhibits [which] document 17 separate rulings, and intemperate and injudicious behavior by the bankruptcy judge which constitute **cause to withdraw reference.** (Emphasis in original).[1]

**Motion of Notice, p. 2.**

---

[1] It is regrettable and inappropriate that in the Notice of Motion and elsewhere in her papers, Ms. March identifies herself as a former Bankruptcy Judge. The Committee on Codes of Conduct of the Judicial Conference of the United States, which is applicable to Bankruptcy Judges, has issued Advisory Opinion No. 72, "Use of Title 'Judge' by Former Judges." It states, "A judge has inquired respecting use of the title 'judge' by former judges who have returned to the practice of law and whether sitting judges have any ethical responsibilities relating to such use . . . A litigant whose lawyer is called "Mr.," and whose adversary's lawyer is called "Judge," may reasonably lose a degree of confidence in the integrity and impartiality of the judiciary. Moreover, application of the same title to advocates and to the presiding judicial officer can tend to demean the court as an institution. Judges should insure that the title "judge" is not used in the courtroom or in papers involved in litigation before them to designate a former judge, unless the designation is necessary to describe accurately a person's status at a time pertinent to the lawsuit."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 04-7360 AHM | Date | October 7, 2004 |

Title    In re: Synadyne III, Inc.; Outsource International Inc.

B. <u>American Staffing Association Has Failed to Establish Any Basis For Granting its Motion to Withdraw Reference.</u>

ASA's contentions as to the Judge Bluebond's supposed bias are best exemplified in its condescending Reply Memorandum.

> The [Trustee's] Opposition fails to offer ANY explanation - - other than BIAS - - why a bankruptcy judge would in 18 successive rulings, act irregularly, contrary to binding law, always ruling in favor or [sic] Trustee/Trustee's counsel, when controlling law required the bankruptcy judge to rule in favor of ASA/ASA's counsel . . . .
>
> A judge who was merely incompetent would make random errors, not 18 successive errors in favor of Trustee. . . . Inventing arguments in favor of Trustee, contrary to controlling law, refusing to desist in following those invented arguments despite the ASA's counsel citing to the judge the controlling law showing the judge's *sua sponte* arguments were in error, misstating uncontroverted facts and applicable law to try to "manufacture" jurisdiction to enforce a document subpoena . . . the only logical inference to be drawn from this REPEATED irregular behavior by the bankruptcy judge is the judge is suffering from bias in favor of Trustee/Trustee's counsel or against ASA/ASA's counsel, or both. The Opposition fails to come up with any alternate theory to explain this repeated irregular behavior by the bankruptcy judge. The saying "If it walks like a duck and quacks like a duck, it is a duck" translates here into "18 successive rulings for Trustee, when controlling law and evidence required ruling in ASA's favor instead, walks like bias, talks like bias and is bias."

Reply Memorandum, pp. 1-2.

ASA's counsel also argues that, "[t]he opposition is silent on 'appearance of impropriety,' because there is nothing Trustee can say on that issue;" the Bankruptcy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 04-7360 AHM | Date | October 7, 2004 |

| | |
|---|---|
| Title | In re: Synadyne III, Inc.; Outsource International Inc. |

Judge herself has not denied bias; and the Trustee and his counsel did not deny that the Bankruptcy Judge is biased in their favor.

The first fundamental flaw in ASA's argument is that it ignores who has the burden of proof. ASA has the burden of establishing grounds for withdrawal, including bias or the appearance of bias; the Trustee and the Bankruptcy Judge do not have the burden of disproving it. *See, e.g., In re E & S Facilities, Inc.*, 181 B.R. 369, 374 (S.D.Ind. 1995) (burden of demonstrating cause falls to party seeking withdrawal of reference) (citing *In re Statistical Tabulating Corp., Inc.*, 166 B.R. 322, 326 (N.D.Ill. 1994)); *In re Ponce Marine Farm, Inc.*, 172 B.R. 722, 725 (D. Puerto Rico 1994) ("[M]ovant [for a permissive withdrawal of reference] has the burden of showing that "cause" exists.") (citing *U.S. v. Kaplan*, 146 B.R. 500, 503 (D. Mass 1992)).

The second flaw in ASA's argument is that it totally lacks support, both in the applicable legal principles and in the factual record. As to "the law," in the case of a claim of bias, the claim must be of *personal* bias, not one arising from a difference of opinion over the application of law by the bankruptcy judge. *In re Memorial Estates, Inc.* 90 B.R. 886, 898 (N.D.Ill. 1988). "[E]rroneous legal judgments are not sufficient to justify withdrawal of reference of [a] case. Rather, such errors may be corrected on appeal to [the] court pursuant to 28 U.S.C. § 158." *Winslow v. Williams Group*, 134 B.R. 949, 959 (D.Colo. 1990). Thus, it is neither necessary nor appropriate for this Court to review whether Judge Bluebond was correct in her rulings. As to the facts, ASA's counsel has proffered declarations and twenty-three exhibits. A review of those items reveals there is no basis to find bias. It just is not true, for example, that Judge Bluebond "invented arguments" to make a case for the Trustee. And it is neither surprising nor a basis for recusal that she may have raised her voice, given that the transcript reflects that ASA's counsel engaged in haughty and unnecessarily disputatious advocacy. *See Chambers v. United States VA*, 2004 U.S. Dist. LEXIS 11160, 10 (D.Conn. 2004) ("[B]arring extraordinary circumstances, judicial behavior toward litigants and counsel is generally not proper grounds for recusal.") (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge . . . . [behavior] *not* establishing bias or partiality . . . [includes] expressions of impatience, dissatisfaction, annoyance, and even anger . . . .")). Similarly, there is no basis to complain, as ASA's counsel does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-7360 AHM | Date | October 7, 2004 |
|---|---|---|---|

| Title | In re: Synadyne III, Inc.; Outsource International Inc. |
|---|---|

here, that Judge Bluebond displayed bias on the basis of a *tentative* opinion - - not even an order - - or because she tried to rein in agitated counsel.

Judge Bluebond's conduct, statements and rulings provide no basis whatsoever for a withdrawal of the reference. Nor do the other grounds ASA argues. The motion is DENIED.

Initials of Preparer    ƒMJO

# NOTICE PARTY SERVICE LIST

Case No. CV04-7360 - AHM   Case Title In re: Synadyne III, Inc.

Title of Document   MINUTE ORDER

| | |
|---|---|
| | Atty Sttlmnt Officer |
| ✓ | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Fiscal Section |
| | Intake Supervisor |
| | Interpreter Section |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |
| | Stratton, Maria - Federal Public Defender |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| ✓ | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| ✓ | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

**ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name:

Firm:

Address (include suite or floor):

*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

Initials of Deputy Clerk